UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHNNY McRAE,                          :
                                       :
        Plaintiff,                     :
                                       :
v.                                     :       Case Nos. 3:15-cv-1674 (RNC)
                                       :                 3:15-cv-1749 (RNC)
TITUS and PARSONS,                     :
                                       :
        Defendants.                    :


INITIAL REVIEW ORDERS

        Plaintiff Johnny McRae brings these two actions pro se

pursuant to 42 U.S.C. § 1983.  Named as defendants are

Correctional Officers Titus and Parsons.  In the complaints,

plaintiff alleges that defendants used excessive force against

him when he was incarcerated at Cybulski Correctional Institution

in Enfield, Connecticut.  Plaintiff seeks damages from defendants

in their individual capacities.  After review of the complaints

pursuant to 28 U.S.C. § 1915A, the Court concludes that the

complaint in Case No. 15-cv-1674 should be served, and the

complaint in Case No. 15-cv-1749 should be dismissed.  Plaintiff

is also directed to provide the Court with his current mailing

address, as set out below.

        Under 28 U.S.C. § 1915A, the Court is required to review a

prisoner's complaint against government officials and dismiss any

portion of the complaint that is frivolous, malicious, or fails

to state a claim on which relief may be granted.[1]  In carrying

out its responsibility to perform this screening function, the

Court assumes the truth of factual allegations and interprets

them liberally to "raise the strongest arguments [they]

suggest[]."  Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).

To withstand review under Section 1915A, a complaint must provide

factual allegations that support a plausible claim for relief.

Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has

facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged."  Ashcroft v.

Iqbal, 556 U.S. 662, 678 (2009).  Conclusory allegations are not

sufficient.  Id. at 678-79.

    The complaint in the first-filed action, Case No. 15-cv-

1674, alleges the following.  On August 6, 2015, plaintiff was

incarcerated at Cybulski Correctional Institution.  When

plaintiff was called to receive his legal mail, he made a joking

comment that angered defendant Titus.  On the way back to his

cell, plaintiff made another joking comment.  Defendant Parsons

overheard the comment and put the plaintiff in a holding cell.

---

    [1] Although it appears that plaintiff is no longer confined
in a prison facility within Connecticut, he was incarcerated when
he filed his complaints, so he is considered a "prisoner" under
Section 1915A.  See www.ctinmateinfo.state.ct.us (listing no
inmate with plaintiff's inmate number or name) (last visited June
14, 2016); Rogers v. New York City Police Dep't, No. 12 CV 3042
CBA MG, 2012 WL 4863161, at *1 n.3 (E.D.N.Y. Oct. 12, 2012).

After other inmates left the area, defendants Titus and Parsons entered the cell.  Defendant Parsons then kicked the plaintiff in the buttocks while defendant Titus used his forearm to hold the plaintiff against the wall.  The area where the incident occurred is not covered by video or audio surveillance.

These allegations, generously construed, are sufficient to permit the case to proceed against the defendants in their individual capacities for use of excessive force against the plaintiff in violation of the Eighth Amendment.

Plaintiff also invokes the Standard Humane Rules for the Treatment of Prisoners, the Basic Principles for the Treatment of Prisoners, and the Universal Declaration of Human Rights. However, there is no recognized private right of action supporting the Court's jurisdiction under these provisions.  See Bittinger v. Johnson, No. 1:14-cv-1560, 2015 WL 3842649, at *4 n.3 (M.D. Pa. June 22, 2015) (rejecting claim for jurisdiction under Universal Declaration of Human Rights); see also United States v. Chatman, 351 F. App'x 740, 741 (3d Cir. 2009) (no private right of action under Universal Declaration of Human Rights).  Accordingly, the complaint in Case No. 15-cv-1674 will proceed only as to the Section 1983 claim for use of excessive force.

Turning to the complaint in the later-filed action, Case No. 15-cv-1749, the allegations repeat almost verbatim the

allegations in the earlier case.  In fact, the document attached

to the complaint entitled "Amended Civil Rights Complaint"

appears to be exactly the same document as was attached to the

first-filed complaint.  The complaint in Case No. 15-cv-1749 is

therefore dismissed as duplicative of the claims in Case No. 15-

cv-1674, which remains pending as a result of this Order.  See

Brown v. Plansky, 24 F. App'x 26, 28 (2d Cir. 2001) (affirming

dismissal under Section 1915A of complaint that was duplicative

of another pending action); see also Wingate v. New York City,

No. 14 CV 4007 ARR, 2014 WL 3747641, at *3 (E.D.N.Y. July 25,

2014) ("[P]laintiffs have no right to maintain two actions on the

same subject in the same court, against the same defendant at the

same time." (quoting Curtis v. Citibank, N.A., 226 F.3d 133, 139

(2d Cir. 2000)).

ORDERS

Accordingly, the Court enters the following orders:

(1)  Case No. 15-cv-1749 is dismissed pursuant to 28 U.S.C.

§ 1915A(b)(1).

(2)  In Case No. 15-cv-1674, any claims for violation of the

Universal Declaration of Human Rights, the Standard Humane Rules

for the Treatment of Prisoners, and the Basic Principles for the

Treatment of Prisoners, or any invocation of jurisdiction under

those documents, are dismissed pursuant to 28 U.S.C. §

1915A(b)(1).  The case will proceed only as to the Section 1983

claim for use of excessive force.

(3)   Department of Correction records reflect that plaintiff is no longer confined in a prison facility within Connecticut. Pursuant to Rule 83.1(c), D. Conn. L. Civ. R., "[a]ny party appearing pro se must give an address within the District of Connecticut where service can be made upon him or her in the same manner as service is made on an attorney."  Plaintiff was made aware of this requirement when the Court granted his application to proceed in forma pauperis.  See Order, Case No. 15-cv-1674, ECF No. 11.  **Plaintiff is directed to file a notice with the Court within thirty days of the date of this Order including his current mailing address where he may receive court filings. Failure to comply with this order will result in dismissal of this case**.

(4)   If plaintiff updates his address with the Court within the time specified, the Clerk shall verify the current work addresses of defendants Parson and Titus with the Department of Correction Office of Legal Affairs and mail a waiver of service of process request packet to each defendant at the confirmed address.  On the thirty-fifth day after mailing, the Clerk shall report to the court on the status of the waiver request.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on him in his individual capacity, and the defendant

shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(5)   The Clerk shall send written notice to plaintiff of the status of this action, along with a copy of this Order.

(6)   The Clerk shall send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(7)   Defendants shall file their response to the complaint, either an answer or motion to dismiss, within sixty days from the date the waiver form is sent.  If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above.  They also may include any and all additional defenses permitted by the Federal Rules.

(8)   Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this Order.  Discovery requests need not be filed with the Court.

(9)   All motions for summary judgment shall be filed within eight months (240 days) from the date of this Order.

(10) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(11) If plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)(2) provides that plaintiff must notify the Court.  Failure to do so can result in the dismissal of the case.  Plaintiff must give notice of a new address even if he is incarcerated.  Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice.  It is not enough to put the new address on a letter without indicating that it is a new address.  Plaintiff should also notify defendant or the attorney for defendant of his new address.

So ordered this 14th day of June 2016.


_____/s/  RNC_____
Robert N. Chatigny
United States District Judge